UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIMEON MLADENOV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| | ) | |
| R1 RCM, INC., d/b/a MEDICAL FINANCIAL SOLUTIONS, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, SIMEON MLADENOV, by and through his counsel, BAKOV LAW, LTD., complaining of Defendant, R1 RCM, INC., d/b/a MEDICAL FINANCIAL SOLUTIONS, as follows:

## NATURE OF THE ACTION

1. This action is seeking damages for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692 *et seq*.

4. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Chicago, Cook County, State of Illinois, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant to this Complaint.

1

## PARTIES

5. SIMEON MLADENOV ("Plaintiff") is an individual domiciled in Cook County, Illinois.

6. Plaintiff is a natural person, over 18-years-of-age, who at all relevant times resided in Chicago, Illinois.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. R1 RCM, INC. d/b/a MEDICAL FINANCIAL SOLUTIONS ("Defendant") is a foreign corporation with its principal place of business located at 401 North Michigan Avenue, Suite 2700, Chicago, Illinois 60611.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

13. On August 10, 2020, Plaintiff was involved in an automobile accident.

14. As a result of the accident, Plaintiff sustained injuries that required medical treatment.

15. Amita Health Saint Joseph hospital rendered medical services to Plaintiff for these injuries.

16. These medical services generated certain bills.

17. Those bills, once unpaid, were turned over to Defendant.

18. Those bills are a "debt" as defined by 15 U.S.C. § 1692a(5) as they relate to an unpaid obligation to pay money arising out of a transaction in which the medical services which are the subject of the transaction are primarily for personal, family, or household purposes.

19. On December 27, 2020, Defendant sent Plaintiff a correspondence via U.S. mail to Plaintiff's home address. (A copy of Defendant's 12.27.2020 correspondence is enclosed hereto as <u>Exhibit 1</u>).

20. The aforesaid correspondence was sent to Plaintiff's home address in an attempt to obtain payment on behalf of Amita Health Saint Joseph hospital.

21. The aforesaid correspondence did not disclose that Defendant is a debt collector and that it is attempting to collect a debt and that any information obtained will be used for that purpose.

22. On January 7, 2021, Plaintiff's counsel sent Defendant two separate correspondences informing Defendant that Plaintiff was represented by legal counsel with respect to the medical debt and instructed Defendant to cease contacting Plaintiff directly with respect to the medical debt. (Plaintiff's counsel's 1.7.2021 correspondences are enclosed hereto as <u>Exhibit 2</u>).

23. The January 7, 2021 correspondence from Plaintiff's counsel was delivered to Defendant prior to January 26, 2021.

24. The January 7, 2021 correspondence from Plaintiff's counsel was received by Defendant prior to January 26, 2021.

25. Defendant was aware of the fact that Plaintiff was represented by legal counsel with respect to the medical debt prior to January 26, 2021.

26. On January 26, 2021, Defendant sent Plaintiff another correspondence to his home address in an attempt to collect the medical debt on behalf of Amita Health Saint Joseph hospital. (A copy of Defendant's 01.26.2021 correspondence is enclosed hereto as <u>Exhibit 3</u>).

27. The aforesaid correspondence was sent to Plaintiff's home address in an attempt to obtain payment on behalf of Amita Health Saint Joseph hospital.

28. The aforesaid correspondence did not disclose that Defendant is a debt collector and that it is attempting to collect a debt and that any information obtained will be used for that purpose.

29. The aforesaid correspondence was sent to Plaintiff's home address after Defendant was made aware that Plaintiff was represented by legal counsel with respect to the medical debt.

30. Defendant's unlawful collection practices subjected Plaintiff to unwanted mail correspondences relating to the medical debt – causing emotional distress and frustration as well as deprived Plaintiff of rights afforded by consumer law(s).

### **CLAIMS FOR RELIEF**

**Count I:**
**Violation of 15 U.S.C. § 1692**

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692c**

32. Section 1692c provides:

**(a) COMMUNICATION WITH THE CONSUMER GENERALLY**
Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –

4

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

15 U.S.C. § 1692c(a)(2).

33. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Plaintiff despite knowing Plaintiff was represented by counsel.

34. Defendant's January 26, 2021 correspondence that was sent directly to Plaintiff's home address violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Plaintiff despite knowing Plaintiff was represented by counsel.

**Violation(s) of 15 U.S.C. § 1692e**

35. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

15 U.S.C. §§ 1692e(10) and e(11).

36. Defendant violated 15 U.S.C. § 1692e(10) by falsely representing to Plaintiff that they were not a debt collector.

37. Defendant violated 15 U.S.C. § 1692e(11) by failing to include the required

disclosures required under 15 U.S.C. § 1692e(11) on both its correspondences from December 27, 2020 and from January 26, 2021.

38. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692c(a)(2), e(10) and e(11) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2) 

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

\*\*\*

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff request the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692c(a)(2), e(10) and e(11);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 18, 2021

                                                Respectfully Submitted,
                                                SIMEON MLADENOV

                                                By: /s/ Angel P. Bakov
                                                      Angel P. Bakov
                                                      Plaintiff's attorney

Angel P. Bakov
IL State Bar#: 6308535
BAKOV LAW, LTD.
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
Tel: 312-880-1008
Fax: 312-546-5058
abakov@bakovlaw.com