IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIMEON MLADENOV, | |
| Plaintiff, | |
| v. | Case No. 21-cv-01509 |
| R1 RCM, INC., d/b/a MEDICAL FINANCIAL SOLUTIONS, | Judge Mary M. Rowland |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Simeon Mladenov brings this suit against Defendant R1 RCM, Inc., d/b/a Medical Financial Solutions, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA), specifically the provisions regarding communication with consumers and false representation. Defendant moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim and 12(b)(1) for lack of standing. For reasons stated herein, Defendant's Motion to Dismiss [10] is granted. Plaintiff is granted leave to amend.

**I. Background**

The following factual allegations are taken from the Complaint (Dkt. 1) and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). Plaintiff Simeon Mladenov ("Mladenov") was involved in a car accident on August 10, 2020 that resulted in a visit to Amita Health Saint Joseph Hospital. Dkt. 1 ¶¶ 14, 15. The visit resulted in

1

unpaid medical bills. *Id.* ¶ 16. Because the bills were unpaid, the hospital turned them over to Defendant Medical Financial Solutions ("Medical Financial") to recover payment. *Id.* ¶ 17. On December 27, 2020 Medical Financial sent Mladenov a letter to his address in an attempt to obtain payment on behalf of the hospital. *Id.* ¶ 19. The letter was addressed to Tara Larke, with Mladenov listed as the person who received services. *Id.* at Exh. 1. Despite the letter being an attempt to collect debt, Medical Financial did not identify itself as debt collectors in their correspondence. *Id.* ¶ 20. On January 7, 2021 Mladenov's legal counsel sent Medical Financial two letters informing Medical Financial that Mladenov was represented by legal counsel and all future communications should be directed to counsel. *Id.* ¶ 22; *See also* Pl. Exh. 2. Mladenov asserts that the correspondence was delivered and received before January 26, 2021. *Id.* at ¶ 23, 24. Nevertheless, on January 26, 2021, Defendant sent a letter to Mladenov in "an attempt to collect the medical debt on behalf of Amita Health Saint Joseph Hospital." *Id.* at ¶ 26; *See also* Pl. Exh. 3. This correspondence did not disclose Medical Financial's status as a debt collector. Mladenov asserts that Medical Financial's attempt to unlawfully collect the debt caused emotional distress and frustration "as well as deprived him of rights afforded by consumer law(s)." *Id.* ¶ 30.

Mladenov claims that Defendant's actions violated the FDCPA, 15 U.S.C. § 1692, specifically the provisions regarding communication with consumers and false representation. *Id.* ¶¶ 32–35. Defendant moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim and 12(b)(1) for lack of standing. Dkt. 10 at 1.

2

**II. Standard**

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 12(b)(1) "provides for dismissal of a claim based on lack of subject matter jurisdiction, including lack of standing." *Stubenfield v. Chicago Housing Authority*, 6 F.Supp. 3d 779, 782 (N.D. Ill. 2013) (citing *Retired Chicago Police Ass'n. v. City of Chicago*, 76 F.3d 856 (7th Cir. 1996)). On a facial 12(b)(1) challenge the Court should accept all material allegations of the complaint as true. *See Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015) ("when evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly-Iqbal's* 'plausibility' requirement."). "Where [ ] plaintiff's complaint is facially sufficient but external facts call the court's jurisdiction into question, we 'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) (citations omitted).

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as

3

true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

### III. Analysis

Defendant Medical Financial argues that Mladenov lacks standing to sue because he has not alleged an injury-in-fact. Dkt. 10 at 4. To establish an injury-in-fact under the FDCPA, a plaintiff must show that "he or she took a 'detrimental step' as a result of the defendant's actions." *Id.* at 5. Though Mladenov claims he suffered emotional distress and frustration, Medical Financial argues that does not amount to a concrete harm. *Id.* Mladenov asserts that he pled an actual harm in that he was misled and confused by Medical Financial's correspondences. Dkt 13 at 1. Further, Mladenov argues Medical Financial's intentional misrepresentation that it was not a debt collector satisfies the standing requirement. *Id.* at 5.

Medical Financial relies on extensive and recent Seventh Circuit precedent concerning the FDCPA to argue that Mladenov has no concrete injury as defined within this Circuit. Dkt. 10 at 5. Mladenov asserts that Defendant's unlawful conduct

4

is sufficient when analyzed alongside his emotional distress, frustration and "deprivation of rights afforded by consumer laws." Dkt. 13 at 6.

The facts as alleged are in line with the Seventh Circuit's recent FDCPA case, *Pennell v. Global Trust Management, LLC,* 990 F.3d 1041 (7th Cir. 2021). In *Pennell,* the plaintiff asked the lender to stop contacting her and directed the lender to contact her lawyer. *Id.* at 1043. Despite that request the lender continued to contact the plaintiff causing her to suffer from stress and confusion. The district court granted summary judgement on the merits, but the Seventh Circuit reviewed whether the plaintiff had Article III standing to sue when "stress and confusion" were her injuries. *Id.* at 1044. In its analysis, the Seventh Circuit held that "'the state of confusion itself is not itself an injury.' Nor does stress by itself with no physical manifestations and no qualified medical diagnosis amount to a concrete harm." *Id.* at 1045 *quoting Brunett v. Convergent Outsourcing, Inc.,* 982 F.3d 1067, 1068 (7th Cir. 2020), *reh'g denied* (Jan. 11, 2021). For plaintiff to have a concrete injury, she would have had to act "to her detriment, on that confusion." *Id.* Simply pointing to a statutory violation, the Court held, is not enough to establish standing under Article III. *Id; see also Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020); *Nettles v. Midland Funding LLC*, 983 F.3d 896, 900 (7th Cir. 2020) (no Article III injury when plaintiff "does not allege that the statutory violations harmed her in any way or created any appreciable risk of harm to her"); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1071–72 (7th Cir. 2020) (allegations of annoyance or intimidation from dunning letter not cognizable injury); *see also Spuhler v.*

*State Collection Service, Inc.*, 983 F.3d 282, 286 (7th Cir. 2020) ("[F]or a concrete injury to result from a dunning letter's exclusion of a statement about accruing interest, that exclusion must have detrimentally affected the debtors' handling of their debts.").

*Pennell* is dispositive. Mladenov relies on § 1692(c) to assert that he suffered emotional distress when Medical Financial contacted him despite his having retained counsel. Nowhere in Mladenov's complaint does he allege he took any "detrimental" steps regarding his handling of debts after Medical Financial contacted him. The Seventh Circuit is clear, Mladenov does not have standing to assert an FDCPA action under § 1692(c).

Mladenov's response focuses on Medical Financial contacting him without identifying itself as a debt collector in violation of § 1962(e).[1] Mladenov asserts his injury is clear because the "allegation of an unlawful misrepresentation by Defendant is enough to confer standing." Dkt. 13 at 5. Mladenov relies on *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373–74 (1982), that discussed standing under the Fair Housing Act. Mladenov also relies on W*heeler v. Midland Funding LLC,* 15 C 11152, 2020 WL 1469449 (N.D. Ill. Mar. 26, 2020), where a class of plaintiffs sued a debt collector that offered to settle debts without informing debtors that the debts were time-barred. *Id.* at *2. While *Wheeler* did find that an alleged violation under the FDCPA, without a concrete injury, was sufficient to establish standing, it predates

---

[1] Defendant denies it is a "debt collector" under the FDCPA. Dkt. 10 at 6. For purposes of this motion, the Court accepts Mladenov's assertion the Defendant is a debt collector.

6

the significant Seventh Circuit precedent cited above, including *Pennell* and *Brunett*. *Brunett* specifically addressed an alleged violation of section (e) of § 1692. In *Brunett* the district court found in favor of the debt collector that purportedly made misrepresentations about its obligations to report debt write-offs to the IRS. 982 F.3d at 1068. The Seventh Circuit vacated the finding and ordered the case dismissed for lack of standing because the plaintiff took no detrimental actions based on the debt collector's alleged misrepresentations. *Id.* at 1069. Plaintiff's assertion that the letter was misleading or confusing did not confer standing. With no injury in fact, she had no standing to bring an action. *Id.*

According to the complaint, Medical Financial failed to disclose that it was a debt collector and contacted Mladenov instead of his counsel.[2] But the complaint does not allege that Mladenov took any detrimental actions or incurred any risk because of Medical Solution's actions. Allegations of confusion and stress are insufficient. *Id.* at 1068. ("A debtor confused by a dunning letter may be injured if she acts, to her detriment, on that confusion—if, for example, the confusion leads her to pay something she does not owe, or to pay a debt with interest running at a low rate when the money could have been used to pay a debt with interest running at a higher rate. But the state of confusion is not itself an injury. If it were, then everyone would have

---

[2] Defendant wrote to Tara Larke and contests whether Plaintiff is a "consumer" under the FDCPA. Dkt. 10 at 7. Plaintiff responds that he mistakenly provided Larke's insurance information to the hospital, and he is the person that incurred the debt. Dkt. 13 at 7. Because he alleges that he is obligated to pay the debt, for purposes of this motion the Court finds he is a consumer. A consumer, under the FDCPA is defined as "any natural person obligated or *allegedly* obligated to pay any debt." *See*, U.S.C. §1692a(3) (emphasis added). *See O'Rourke v. Palisades Acquisition XVI, LLC,* 635 F.3d 938, 943 (7th Cir. 2011) ("A consumer is any natural person obligated or allegedly obligated to pay any debt.") (internal citations omitted).

7

standing to litigate about everything.") (internal citations omitted). Plaintiff fails to plead an injury-in-fact and therefore lacks standing.

### IV. Leave to Amend

Plaintiff requests that he be granted leave to amend his complaint. Dkt. 13 at 6. Defendant argues that leave should be denied because Mladenov has not set forth how he would cure the defects in his amended complaint.[3] Dkt. 15 at 4. While Plaintiff has not provided an amended complaint or listed how he would cure his defects, courts should "freely give leave [to amend] when justice so requires." F. R. Civ. P. 15(a)(2). Ordinarily a plaintiff whose original complaint has been dismissed should be given at least one opportunity to try to amend her complaint before the entire action is dismissed. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510 (7th Cir. 2015). Because of the liberal standard, Plaintiff is granted leave until February 11, 2022 to amend his complaint if amendment would comport with this opinion and the Seventh Circuit precedent cited in this opinion regarding standing in FDCPA cases.

### V. Conclusion

For the stated reasons, Defendant's Motion to Dismiss [10] is granted. Plaintiff is given leave until February 11, 2022, to amend his complaint as long as he can do so consistent with this opinion, Seventh Circuit precedent and the Federal Rules of Civil Procedure.

---

[3] Mladenov attached a complaint to his response brief, but that appears to be the original complaint—not a proposed amended complaint. Dkt. 13, Ex. A.

8

E N T E R:

Dated: January 25, 2022

MARY M. ROWLAND
United States District Judge

9