IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIMEON MLADENOV, | |
| Plaintiff, | |
| v. | Case No. 21-cv-01509 |
| R1 RCM, INC., d/b/a MEDICAL FINANCIAL SOLUTIONS, | Judge Mary M. Rowland |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Simeon Mladenov brings this suit against Defendant R1 RCM, Inc., d/b/a Medical Financial Solutions, for violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, specifically the provisions regarding communication with consumers and false representations. Defendant moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of standing. For the reasons stated herein, this Court denies Defendant's Motion to Dismiss [23].

**I.    Background**

Plaintiff Simeon Mladenov filed his original complaint on March 18, 2021, alleging violations of the FDCPA. *See generally* Dkt. 1. After the parties briefed Defendant's motion to dismiss, this Court ruled that Mladenov failed to plead an injury-in-fact and therefore lacked Article III standing. *See* Dkt. 20. With leave from this Court, Mladenov filed his amended complaint on February 8, 2022. Dkt. 21.

1

The following factual allegations are taken from the Complaint (Dkt. 21) and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Mladenov was involved in a car accident on August 10, 2020 that resulted in a visit to Amita Health Saint Joseph Hospital. Dkt. 21 ¶¶ 13–16. He incurred unpaid medical bills from that visit. *Id.* at ¶¶17–18. Because the bills remained unpaid, the hospital turned them over to Defendant Medical Financial Solutions to recover payment. *Id.* at ¶ 18.

On December 27, 2020, Defendant sent Mladenov a letter to his address to obtain payment on behalf of the hospital. *Id.* at ¶ 20. Defendant addressed the letter to Tara Larke, and listed Mladenov as the person who received services. *Id.* at Exh. 1. Despite the letter being an attempt to collect debt, Defendant did not identify itself as a debt collector in its correspondence. *Id.* at¶ 23.

After receiving Defendant's December 27, 2020 letter, Mladenov contacted his attorney via telephone to inform him of said letter. *Id.* at ¶ 24. On January 7, 2021 Mladenov's attorney sent Defendant two letters informing it that Mladenov was represented by legal counsel and all future communications should be directed to counsel. *Id.* at ¶ 30; *See also* Pl. Exh. 2. Mladenov asserts that the correspondence was delivered and received before January 26, 2021. *Id.* at ¶¶ 23–24. Nevertheless, on January 26, 2021, Defendant sent a letter to Mladenov in "an attempt to collect the medical debt on behalf of Amita Health Saint Joseph Hospital." *Id.* at ¶ 34; *see*

*also* Pl. Exh. 3. This correspondence did not disclose Defendant's status as a debt collector.

Mladenov alleges that Defendant intentionally and tortiously interfered with his relationship with his attorney by sending the January 26, 2021 statement. Dkt. 21, ¶ 38. As a result, he claims that he lost trust and confidence in his attorney which resulted in a strained relationship between them. *Id.* at ¶¶ 39–40. Mladenov alleges that Defendant intruded upon his seclusion that caused loss of sleep, loss of appetite and distraction at work. *Id.* at ¶¶ 41–42. Mladenov also alleges that, as a result of receiving the January 26, 2021 Statement, he suffered from stress and worry that he would not be able to pay all his monthly bills and the alleged debt in the Statement. *Id.* at ¶ 45. As a result of Defendant's conduct, Mladenov borrowed $1,000.00 from a friend because he was worried that he would not be able to pay all his monthly bills and the alleged debt; he repaid the borrowed $1,000.00 to his friend with interest. *Id.* at ¶¶ 48–49.

Mladenov claims that Defendant violated FDCPA §1692c(a)(2) and §§1692e(10)–(11). *Id.* at ¶¶ 52–53; 55–56. Specifically, Mladenov alleges that both letters from Defendant failed to advise him that Defendant was a debt collector; failed to state that the correspondence constituted an attempt to collect a debt; and did not include the disclosures required under 15 U.S.C. § 1692e(11). *Id.* at ¶¶ 23, 36, 56–57. Furthermore, Mladenov claims that the January 26, 2021 Statement violated the FDCPA because Defendant knew or should have known that Mladenov was

3

represented by counsel. *Id*. at ¶¶ 37, 52–53. Defendant moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of standing.[1]

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 12(b)(1) "provides for dismissal of a claim based on lack of subject matter jurisdiction, including lack of standing." *Stubenfield v. Chi. Housing Auth.*, 6 F. Supp. 3d 779, 782 (N.D. Ill. 2013) (citing *Retired Chicago Police Ass'n. v. City of Chicago*, 76 F.3d 856 (7th Cir. 1996)). On a facial 12(b)(1) challenge, like the one Defendant presents here, the Court should accept all material allegations of the complaint as true. *See Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015) (instructing that "when evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly-Iqbal's* 'plausibility' requirement.").

## III. Analysis

Defendant argues that Mladenov's case should be dismissed as he has failed to plead an injury-in-fact to establish standing. For the reasons discussed below, this Court disagrees.

Before a federal court can exercise its jurisdiction over a case, "a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the

---

[1] Defendant denies it is a "debt collector" and that the Account was a "debt" as those terms are defined under the FDCPA. As such, Defendant denies that it was obligated to include any of the disclosures required pursuant to the FDCPA. Dkt. 7 at fn. 2. For purposes of this motion, the Court accepts Mladenov's assertions as true.

defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thornley v. Clearview AI, Inc.,* 984 F.3d 1241, 1244 (7th Cir. 2021) (quoting *Thole v. U.S. Bank N.A.,* 140 S. Ct. 1615, 1618 (2020)).

To establish standing in the FDCPA context, a plaintiff must plausibly allege that the defendant's statutory violation led him to take some detrimental step causing a real, concrete harm. *See Smith v. GC Servs. Ltd. P'ship*, 986 F.3d 708, 710 (7th Cir. 2021); *see also Larkin v. Fin. Sys. of Green Bay, Inc.,* 982 F.3d 1060, 1066 (7th Cir. 2020). The mere allegation of a statutory violation itself—whether based on a procedural or substantive provision of the statute—is not enough. *Smith*, 986 F.3d at 710; *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir. 2021); *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 331–32 (7th Cir. 2019). However, "intangible" injuries, like reputational harm and disclosure of private information, can be concrete. *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 938 (7th Cir. 2022) (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204–05 (2021)). Physical manifestations of emotional harms can also constitute concrete injuries. *Pennell v. Global Trust Mgt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021); *Gilbert v. TrueAccord Corp.*, No. 21-CV-485, 2022 WL 2257126 (N.D. Ill. June 23, 2022). In fact, Congress addressed exactly those sorts of harms, among others, when it enacted the FDCPA. See 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy.").

In a recent series of decisions, the Seventh Circuit has clarified that a FDCPA plaintiff "must allege (and later establish) that the statutory violation harmed him 'or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect.'" *Larkin* 982 F.3d at 1066 (quoting *Casilas*, 926 F.3d at 333). Thus, Mladenov must allege a concrete injury-in-fact to establish standing to bring his claims under 15 U.S.C. § 1692c(a)(2), 1692e(10) and 1692e(11).

Mladenov asserts three concrete injuries: (1) physical manifestations of distress such as loss of sleep and loss of appetite as a result of Defendant's actions; (2) an actual economic loss as a result of borrowing $1000 at a low interest; and (3) intangible harms such as intrusion upon seclusion and tortious interference with a business relationship. This Court focuses on the first of these alleged injuries.

As a result of Defendant's continued efforts to collect the debt, Mladenov suffered from lack of sleep, loss of appetite, and an inability to focus while working. Dkt. 21 at ¶ 42. Another court in this district has recognized that "distress so powerful as to cause '[p]hysical manifestations' may rise to the level of a concrete injury, even if those physical manifestations are relatively slight." *Billups v. I.C. Sys., Inc.*, No. 21 C 1018, 2022 WL 3684572, at *5 (N.D. Ill. Aug. 25, 2022) (alterations in original) (quoting *Gilbert*, 2022 WL 2257126, at *5); *see also Gilbert*, 2022 WL 2257126 at *5 (noting that "an injury need not be 'large'; a mere 'trifle' will do" (quoting *Sierra Club v. Franklin Cty. Power of Ill., LLC*, 546 F.3d 918, 925 (7th Cir. 2008))). Mladenov's allegations of loss of sleep and appetite fall within this category of injury, which while slight, rises to the level of concrete injury under the FDCPA. *See Kinnick v. Med-1*

6

*Sols., LLC*, No. 119CV02563TABSEB, 2021 WL 2291153, at *5 (S.D. Ind. June 4, 2021) (holding that the plaintiff's loss of sleep sufficed to confer standing); *See also Gilbert*, 2022 WL 2257126, at *5 (finding that the plaintiff possessed standing when the alleged debt collection activity made her so angry that she was shaking) (citing *Pennell* 990 F.3d at 1045)). Thus, Mladenov has standing to bring his FDCPA claims against Defendant.

### IV.   Conclusion

For the stated reasons, Defendant's Motion to Dismiss [23] is denied.

E N T E R:

Dated: October 4, 2022

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge